IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 4:24CR3 (RCY) |
| | ) | |
| AUTUMN NICOLE SIMPSON, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Government's Motion to Designate Case Complex Litigation Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) ("Speedy Trial Motion," ECF No. 52). For the reasons explained below, the Court FINDS pursuant to 18 U.S.C. § 3161(h)(7)(A) that the ends of justice served by setting this trial outside of the statutory speedy trial cutoff outweigh the best interests of the public and the Defendants in a speedy trial, and therefore the Court GRANTS the Government's Speedy Trial Motion (ECF No. 52).

This case involves a thirty-four-count indictment that charges eleven defendants with Conspiracy to Manufacture, Distribute, and Possess with Intent to Manufacture and Distribute Methamphetamine and Fentanyl in violation of 21 U.S.C. § 846 (Count 1); Use of a Communication Facility to Cause, Commit and Facilitate a Felony Violation of the Controlled Substances Act and Conspiracy in violation of 21 U.S.C. § 843(b) (Counts 2–12); Possession and Attempted Possession with Intent to Distribute and Distribution of Methamphetamine and Fentanyl in violation of 21 U.S.C. § 841(a)(1) (Counts 13–28, 31–34); Possession of Firearms in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c) (Count 29); and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Count 30). ECF No. 1.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, provides for setting a trial outside of the typical seventy-day speedy trial window when "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

Prior to the January 31, 2024, arraignments of Defendants Autumn Nicole Simpson and Shawn Douglas Cremer, the United States proffered via motion that this case was complex, based upon (1) the number of defendants, (2) the length and nature of the alleged conspiracy, (3) the involvement of multiple state and federal agencies, (4) the existence of significant financial and business records, and (5) the interception of multiple telephones. *See* Speedy Trial Motion 1–2. Based on these factors, it is reasonably expected to take longer than seventy days for defense counsel to adequately prepare a defense. *See id.* The Government reiterated its position at the January 31, 2024, arraignments, and the defense counsel present did not object to the Government's proffer that the case is complex. The Court does not anticipate objection from the yet-to-appear defendants' counsel, but shall provide the opportunity for such objection at each subsequent arraignment, until all defendants have appeared in this Court.

Accordingly, having considered the record and the proffer by the United States, the Court FINDS that this case is complex and that a continuance of the trial beyond the timeline established under 18 U.S.C. § 3161(c) is justified by the volume of discovery. *See* 18 U.S.C. § 3161(h)(7)(B).

Therefore, the Court concludes that the "ends of justice served by [scheduling trial to commence on July 15, 2024] outweigh the best interest of the public and the Defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (modified for present case specifics). Such a continuance is necessary and is clearly in the "interests of justice" in light of the complexity of the case. *See*

18 U.S.C. § 3161(h)(7)(B). The trial delay is therefore excludable under the Speedy Trial Act, and a July 15, 2024, trial date does not violate the constitutional guarantee of a speedy and public trial by jury.

Defendants' jury trial is hereby set to commence on **July 15, 2024**.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 31, 2024