IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

V.                                  Criminal No.: <u>4:24-CR-3-008</u>

KELLY LYNN LOVE

## DEFENDANT KELLY LYNN LOVE'S SENTENCING PLEADING AND MOTION FOR VARIANCE SENTENCE

COMES NOW the Defendant, Kelly Lynn Love ("Love"), by counsel, pursuant to the Court Sentencing Procedures Order (Doc. No. 125), and for her Position on Sentencing and Motion for Variance Sentence, states as follows:

### Objections to Presentence Investigation Report

Love has no objections to the Presentence Investigation Report (hereinafter "PSR").

### Motion for Variance Sentence Below Guidelines Range

It has been "uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." See Koon v. United States, 518 U. S. 81, 113, 116 S. Ct. 2035 (1996). Accordingly, a federal judge in deciding to impose a sentence "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come. See U.S. v. Tucker, 40 U.S. 443, 446. 92 S.Ct. 589 (1972). Moreover, when

1

rendering a sentence, the district court must make an individualized assessment based on the facts presented" and explain the basis for its sentence sufficiently to "allow[ ] for meaningful appellate review." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

.Based upon Love's personal characteristics, lack of violent criminal history and ties to the community, a sentence imposed even at the low end of the guidelines range would be far greater than necessary to serve the purposes set forth in 18 U.S.C. §3553 as applied to Love. Accordingly, Love moves for a variance sentence below the guidelines range down to the statutory mandatory minimum sentence of 60 months.

The Supreme Court, in Gall v. United States, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) redefined the role of the sentencing Courts post Booker by holding that the sentencing court may not *presume* that the Guidelines range is reasonable. (*emphasis added*) The Court ruled that:

"In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."

Id. at 594-95;

The sentencing factors contained in 18 U.S.C. §3553, contain "an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing...." Kimbrough v. U.S. 522 U.S. 85, 102 (2007).

2

A review of Love's criminal history reveals that she is not a violent person but someone that has a long history of battling drug addiction. (See PSR, ¶38-44). Moreover, all of her criminal history points accrued during the time period of 2017-2020 while Love was 39-41 year old and involved drug related offenses. As indicated in the PSR, Love began using methamphetamine and heroine in 2017 but has been using prescription opiates since her 20's. (See PSR, ¶64). Love was referred to outpatient substance abuse treatment in 2018 but did not meet her goals and was discharges in 2019. (See PSR, ¶65). However, if the court were to recommend mandatory substance abuse treatment during a mandatory minimum 5 years sentence Love would certainly benefit from such treatment and be a difference person upon her relive from prison. Moreover, Love was diagnosed with depression at the age of 29 (See PSR, ¶62). Love received prescription medication for depression but has never received mental health counseling. (See PSR ¶62).

Accordingly, Love moves this Court for a downward variance sentence to the statutory mandatory minimum of 360 months (5 year statutory mandatory minimum) with a recommendation for intensive drug treatment while incarcerated as such a sentence sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. §3553.

### Position on 18 U.S.C. §3553(a) Sentencing Factors and Incarceration

Congress has required that the courts shall impose a sentence sufficient *but not greater than necessary* to comply with the factors contained in 18 U.S. C. §3553(a). Moreover, the sentencing guidelines are advisory only and the Court of Appeals reviews sentences for reasonableness only. See United States v. Hughes, 401 F.3d 540, 546

(4th Cir. 2005); United States v. Booker, 543 U.S. 220 (2005). (*emphasis* added). Based on the reasons above in Love's motion for a variance sentence and the statutory sentencing factors below, Love moves this Honorable Court impose a sentence of 60 months incarceration (the statutory mandatory minimum but below the guidelines range) as such a sentence would be sufficient, but not greater than necessary to address the factors delineated in 18 U.S.C. §3553 given Love's brief and non-violent criminal history and her substance abuse and mental health problems.

### Position On Fine and Other Matters

Love moves this Honorable Court not impose any fine in this case as she is financially unable to pay a fine. Love further moves the Court to recommend to the Bureau of Prisons that he be allowed to participate in all available educational, vocational programs, drug treatment/substance abuse programs and mental health counseling programs that are available to her so as to minimize the likelihood of recidivism. Finally, Love moves the court to recommend that she be place at a detention facility as close to Norfolk, Virginia as possible in order to maintain ties with her friends and family.

Respectfully submitted,

**KELLY LYNN LOVE**

-s- **W. Barry Montgomery**
Of Counsel

4

W. Barry Montgomery, Esquire  (VSB #43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Ste. 200
Richmond, Virginia 23236
Tel:    (804) 320-6300
Fax:   (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Kelly Lynn Love

## Certificate of Service

I hereby certify that on this the 13th day of October 2024, I did electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Eric Hurt, Esq.
United States Attorney's Office
For the Eastern District of Virginia
721 Lakefront Commons, Ste. 300
Newport News, Virginia 23696
Tel:    (757) 591-4000
E-mail: Eric.Hurt@usdoj.gov

-s- W. Barry Montgomery
W. Barry Montgomery, Esquire  (VSB #43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefie d Park Drive, Ste. 200
Richmond, Virginia 23236
Tel:    (804) 320-6300
Fax:   (804) 320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Kelly Lynn Love